**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:12-CV-20320-JAL

AF HOLDINGS, LLC

                Plaintiff,

    vs.

JOHN DOE,

                Defendant.

_____/

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS APPLICATION FOR LEAVE**
**TO TAKE EXPEDITED DISCOVERY TO IDENTIFY JOHN DOE**

Plaintiff, AF HOLDINGS, LLC., seeks leave from this Court to authorize service of a deposition subpoena on Ultra Packaging & Shipping & Joseph Prepepit – the account holder of Internet Protocol ("IP") address  70.46.120.35 over which Plaintiff detected infringement of its copyrighted video. The subpoena would assist Plaintiff in determining the identity of the anonymous copyright infringer in the case.

Plaintiff believes that taking Mr. Prepepit's deposition under oath is the least intrusive, least costly (for the account holder), most effective, and most reasonable way for Plaintiff to potentially identify the infringer in this case. Even if Mr. Prepepit did not download and distribute Plaintiff's copyrighted video himself, the infringing activity occurred over his network and the equipment he undoubtedly controls. At this point, Mr. Prepepit is the only[1] person (currently known to Plaintiff) with information that can allow Plaintiff to identify the actual infringer and permit service of process on that individual.

---

[1] Unlike other individuals in similar cases, Mr. Prepepit has not presented any alternative "suspects" (e.g. a roommate) that could be the source of the infringement. Without deposition testimony from Mr. Prepepit, Plaintiff may never learn of the actual infringer.

1

The Court should grant this motion because Plaintiff needs to learn the true identity of the infringer and because the deposition is reasonably calculated to lead to the discovery of the infringer's identity. Without a deposition, Plaintiff believes that its case for copyright infringement cannot proceed. Because Plaintiff is the only party in the case at this stage of the litigation, the application is technically considered *ex parte*. However, Plaintiff invites Mr. Prepepit and/or his attorney, to weigh in on this motion, and submit a response to Plaintiff's deposition request.

## PROCEDURAL HISTORY

In a previous action brought in this district, Plaintiff sent out court-authorized subpoenas to various Internet Service Providers ("ISPs"), including Mr. Prepepit's ISP, Comcast Cable Communications ("Comcast"), in an attempt to identify individual account holders whose IP addresses were found to be involved with the unlawful infringement of Plaintiff's copyrighted video. AF Holdings LLC v. John Does 1-162, 1:11-cv-23036-FAM (S.D. Fla. 2011). After a due-process based notice and time period that allowed for the ISPs and the Internet account holders to respond to Plaintiff's request and the Court's order, the ISPs responded to Plaintiff's requests. In delivering its subpoena return, Comcast identified Mr. Joseph Prepepit as one of these account holders.

Plaintiff eventually dismissed (without prejudice) some of the Doe defendants, including Mr. Prepepit in that case. Plaintiff filed its Complaint in this case on or around January 27th, 2012, (ECF No. 1.). Plaintiff now asks the Court for leave to take deposition discovery from Mr. Prepepit for the limited purpose of identifying the copyright infringer in this action.

## **LEGAL STANDARD**

The legal standard for Plaintiff's application is governed by: (1) this Court's broad authority to grant the discovery of relevant information under Fed. R. Civ. P. 26; (2) the procedural requirements under Fed. R. Civ. P. 45 for compelling the appearance of a non-party for purposes of taking a deposition; and (3) the "good cause" requirement set forth by courts in this circuit for expedited discovery.

First, the Court has broad authority under the Federal Rules of Civil Procedure to manage the discovery process. *See, e.g.*, Fed. R. Civ. P. 26(d); *id.* 16(b)(3)(B); *id.* 16(c)(2)(F). Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred when authorized by a court order. *Id.* 26(d)(1). Under Fed. R. Civ. P. 26(b)(1) "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

Second, Fed. R. Civ. P. 45 sets forth the procedure for compelling the appearance of a non-party for purposes of taking the non-party's deposition. Fed. R. Civ. P. 45. Rule 45 explains that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1); *see also EEOC v. Maryland Cup Corp.*, 785 F. 2d 471 (4th Cir. 1986).

Third, courts require a plaintiff to show good cause determining whether to grant discovery prior to a Rule 26(f) conference. *See Nassau Terminals, Inc. v. M/V Bering Sea*, No. 99-104-CIV-J-20C, 1999 WL 1293476, at *1 (M.D. Fla. July 1, 1999) ("The moving party . . . must show good cause for departing from the usual discovery procedures."); *Platinum Mfg. Int'l,*

*Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *Arista Records LLC v. Does 1–7*, No. 3:08-CV-18, 2008 WL 542709, at *1 (M.D. Ga. Feb 25, 2008).

## ARGUMENT

The Court should grant Plaintiff's request for limited *ex parte* discovery and authorize Plaintiff to serve subpoenas on Mr. Prepepit. First, Plaintiff's request has met the relevancy requirement under Rule 26 because Plaintiff needs the information it will seek in the deposition in order to continue in this case. Second, Plaintiff has good cause for the request because Plaintiff needs to learn the identifying facts necessary to permit service on the John Doe defendant, and Plaintiff's subpoena is reasonably calculated to lead to the discovery of that information. Finally, Plaintiff has limited any burden and expense on Mr. Prepepit as required by Rule 45 by narrowly tailoring the request to be the least intrusive to Mr. Prepepit and the process will be carried out in a manner that avoids placing undue burden or expense on Mr. Prepepit.

## I.    THE COURT HAS AUTHORITY TO GRANT *EX PARTE* RELIEF

This Court has authority to grant an *ex parte* request for expedited discovery. Rule 26(d) gives judges broad power to determine the timing and sequence of discovery. Fed. R. Civ. P. 26(d); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). The Federal Rules rely on the discretion of trial judges to tailor the scope, manner, and timing of discovery to the needs of the case and ensure the just, speedy, and inexpensive administration of justice. *See, e.g.*, Fed. R. Civ. P. 16(b)(3)(B); *id.* 16(c)(2)(F) (setting forth a trial court's power to manage discovery by modifying the timing and extent of discovery through scheduling and case management orders).

The Rules allow the courts to grant discovery of any non-privileged, relevant information. Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."). Rule 26(b)(1) further provides that "the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevant evidence is defined under Fed. R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevancy to a subject matter is further interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Plaintiff has already ascertained the IP address used to commit the copyright infringement— IP address 70.46.120.35 —and the account holder associated with that IP address—Mr. Joseph Prepepit. There is no doubt that someone infringed on Plaintiff's copyrighted video through the IP address associated with Mr. Prepepit. However, instead of blindly naming Mr. Prepepit as a defendant based solely on the fact that he is the IP address account holder,[2] Plaintiff seeks discovery to gather evidentiary support for its contentions that

---

[2] For the record, Plaintiff states the distinction between an account holder and an infringer. An account holder is a person who entered into an Internet service agreement with an ISP. When persons commit infringement over the Internet, the infringing activity can be traced to an IP address—which is simply a number that is assigned to devices, such as computers, that are connected to the Internet. Armed with an IP address and the date and time of infringing activity, a copyright holder can determine the identity of the account holder associated with the IP address by issuing a subpoena to the ISP that owns the IP address. While it is common for an account holder to also be an infringer, it is also possible for the account holder and the infringer to be separate persons. A classic example of the latter

either Mr. Prepepit, or someone else, for instance, in his household or at his business committed the alleged infringement. This deposition request is therefore very relevant to Plaintiff's case, because it will ideally lead to the discovery of the identity of unknown infringer and allow Plaintiff to continue with its litigation.

## II.   PLAINTIFF HAS GOOD CAUSE FOR ITS EXPEDITED DISCOVERY REQUEST

Courts grant expedited discovery motions when there is a showing of good cause for the information sought. *Nassau Terminals, Inc.*, No. 99-104-CIV-J-20C, 1999 WL 1293476, at *1 ("The moving party . . . must show good cause for departing from the usual discovery procedures."); *Platinum Mfg. Int'l, Inc.*, No. 8:08-cv-310-T-27, 2008 WL 927558, at *1 (recognizing that "expedited discovery may be appropriate in copyright infringement cases" but denying expedited discovery where plaintiff failed to show good cause); *Arista Records LLC*, No. 3:08-CV-18, 2008 WL 542709, at *1 (granting expedited discovery that sought to identify unknown copyright infringers).

Plaintiff needs to depose Mr. Prepepit so it can identify the true infringer and take quick actions to prevent further irreparable harm. If Plaintiff does not learn the identity of John Doe, Plaintiff will continue to suffer ongoing, continuous injury due to Defendant's illegal activities. Courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002); *see also Living Scriptures v. Doe(s)*, No. 10-cv-0182-DB, 2010 WL 4687679, at *1 (D. Utah Nov. 10, 2010) (granting motion for expedited discovery of Doe Defendants

---

scenario is where a business is the account holder and the infringer is one of its employees. Plaintiff is often able to gather enough information from the combination of an ISP subpoena return and initial subscriber communications to form a basis for concluding that the subscriber and infringer are one and the same. In other cases, such as here, these efforts turn out to be insufficient and a final stage of limited discovery is required. In any event, the initial ISP subpoena obviously substantially advances Plaintiff's ultimate ability to ascertain whom to name and serve with process. Without the limited discovery requested in Plaintiff's motion, it will be unable to name and serve the infringer with process.

because "without such information this case cannot commence"). Here, the present lawsuit simply cannot proceed without discovering the identity of John Doe. Plaintiff's need for the deposition is strong.

Further, Plaintiff has exhausted all other discovery options in attempting to identify the infringer. Plaintiff issued a subpoena to Mr. Prepepit's ISP to determine the account holder of the IP address associated with the copyright infringement. Once Plaintiff learned the accountholder was Mr. Prepepit, Plaintiff attempted to contact Mr. Prepepit regarding this matter to further determine the identity of the infringer. While this process is often sufficient to determine the identity of the unknown infringers (or at least to eliminate suspected infringers), Mr. Prepepit has ignored Plaintiff's attempts at informal discovery that could have avoided this action altogether. As some courts have noted, "the relationship between accused activity linked to an IP address and subscriber information associated with that IP address is imperfect at best." *Diabolic Video Productions, Inc. v. Does 1-2099*, No. 5:10-cv-05865-PSG (N.D. Cal. May 31, 2011), ECF No. 16 at *5 (quoting *VPR Internationale v. Does* 1–1017, No. 2:11-cv-02068-HAB-DGB, at 2 (C.D. Ill. Apr. 29, 2011), ECF No. 15). Accordingly, Plaintiff must conduct additional limited *ex parte* discovery to determine who should be named as the defendant in this case. Without this discovery from Mr. Prepepit, Plaintiff cannot be certain if Mr. Prepepit is the defendant who should be named and served with process, or merely the sole material witness in possession and control of relevant information that is necessary to prove Plaintiff's claim of copyright infringement. Moreover, the information that Plaintiff seeks from Mr. Prepepit is not duplicative or available from any other source at this time. Discovery from Mr. Prepepit is the only way Plaintiff may be able to discover the true identity of the person who has infringed its copyrights.

### III.   PLAINTIFF'S PROPOSED SUBPOENA IS REASONABLY CALCULATED TO MINIMIZE THE BURDEN AND EXPENSE PLACED ON MR. PREPEPIT

Rule 45 requires that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1); *see also Maryland Cup Corp.*, 785 F. 2d at 477 ("The burden of proving that an administrative subpoena is unduly burdensome is not easily met.") Plaintiff merely seeks to depose Mr. Prepepit. This request is reasonable under the circumstances because the deposition is the most effective and efficient method of ascertaining the information Plaintiff seeks and the burden on the deponent, Mr. Prepepit, is minimal. In the interests of judicial economy, Plaintiff asks this Court to authorize subpoenas for this single, straightforward, unobtrusive discovery device.

Plaintiff seeks to depose Mr. Prepepit because this is an obvious and cost-effective path to learn the identity of the infringer from Mr. Prepepit or, at the very least, relevant information that may lead to the eventual discovery of the infringer's identity.  During the deposition, Plaintiff intends to elicit facts about Mr. Prepepit's involvement, if any, with the unauthorized distribution of Plaintiff's video(s) via Mr. Prepepit's IP address; to learn about Mr. Prepepit's computers and network setup; to learn about his business Ultra Packaging & Shipping, Inc.; to assess Mr. Prepepit's technical savvy; and to identify any other persons who had access to Mr. Prepepit's computer and network.

Plaintiff has a duty to take reasonable steps to avoid imposing undue burden or expense on a person subject to its subpoena. Fed. R. Civ. P. 45(c)(1). The subpoena process that Plaintiff proposes here fully complies with this duty because it seeks limited discovery in the least disruptive manner possible—that is, discovery through a single deposition that leaves Plaintiff bearing most of the financial burden of the discovery-related expenses involved.

Plaintiff seeks to minimize the burden on Mr. Prepepit to comply with a deposition subpoena. The deposition will take place within 100 miles of Mr. Prepepit's residence as indicated by the address received from Comcast per Fed. R. Civ. P. 45(c)(3)(A)(ii). Plaintiff will schedule for the deposition at least 20 days forward from the date of the subpoena to allow Mr. Prepepit ample time to arrange for attendance. Moreover, per Fed. R. Civ. P. 45(b)(1), Plaintiff will pay Mr. Prepepit's attendance fees and mileage as allowed by law. Finally, Plaintiff will not seek any production of documents from Mr. Prepepit as would normally be permitted under Fed. R. Civ. P. 45(a)(1)(D).

Simply naming Mr. Prepepit as a defendant instead of confirming the identity of the infringer though a deposition would impose a much greater burden on Mr. Prepepit because he would be served with a complaint and forced to file an answer, appear and defend himself in this Court. Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer . . . within 20 days after being served with the summons and complaint.") Further, if Mr. Prepepit is named as a defendant, he is not entitled to the special consideration afforded to third parties. Mr. Prepepit would have to bear the burden of discovery costs, including the costs of the production of documents and other items. *See United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 372 (9th Cir. 1982).

Under Plaintiff's discovery request, Mr. Prepepit will be afforded full notice and opportunity to appear and challenge any undue burden he believes the subpoena imposes upon him. Mr. Prepepit will be served with the subpoena personally under Fed. R. Civ. P. 45(b)(1). Mr. Prepepit may then assert any undue burden, privacy, and privilege objections he may have (as permitted under Fed. R. Civ. P. 45(3)(A)) and then move this Court to modify or quash the subpoena. Mr. Prepepit may move for a protective order under Fed. R. Civ. P. 26(c).

Because Plaintiff's request for discovery is reasonable under the circumstances, because it is reasonably calculated to lead to the discovery of infringer's identity, and because Plaintiff will conduct this discovery in a manner that avoids placing undue burden on Mr. Prepepit, the Court should authorize Plaintiff to issue a deposition subpoena to Mr. Prepepit.

## <u>CONCLUSION</u>

Plaintiff asks this Court to authorize the *ex parte* discovery under Rule 45 that will allow Plaintiff to determine the true identity of the person who distributed Plaintiff's video without Plaintiff's authorization. Plaintiff seeks this Court's permission to issue one single subpoena directed to Mr. Prepepit, the account holder associated with the IP address from which Plaintiff's copyrighted videos were distributed. This subpoena would enable Plaintiff to depose Mr. Prepepit, and likely allow Plaintiff to identify the Doe Defendant in this case.  Plaintiff has good cause for taking this discovery prior to a Rule 26(f) conference: there are no parties with whom Plaintiff may confer; Plaintiff has exhausted all other discovery options available to it; further limited discovery from Mr. Prepepit is the only way Plaintiff can discover the true identity of the person who has infringed its copyright.  Plaintiff's proposed subpoena is reasonably calculated to lead to the discovery of the infringer's identity and Plaintiff intends to execute the subpoena in a manner that avoids placing undue burden or expense on Mr. Prepepit.

Intentionally Left Blank

Respectfully submitted,

AF HOLDINGS, LLC

DATED: February 6, 2012

By:    <u>/s/ Joseph Perea</u>
        Joseph Perea—Florida Bar No. 47782
        PRENDA LAW, INC.
        1111 Lincoln Road, #400
        Miami Beach, FL 33139
        Telephone: 305-748-2102
        Fax: 305-748-2103
        E-mail: joperea@wefightpiracy.com
        *Attorney for Plaintiff*